SANTOS ET AL., APPELLANTS, *v.* OHIO BUREAU OF
WORKERS' COMPENSATION, APPELLEE.

[Cite as *Santos v. Ohio Bur. of Workers' Comp.,*
101 Ohio St.3d 74, 2004-Ohio-28.]

(No. 2002–1314—Submitted September 17, 2003—Decided January 21, 2004.)

O'CONNOR, J.

{¶ 1} We are asked to decide whether a suit seeking the return of funds wrongfully collected or held by the state may be properly heard in courts of common pleas, or whether, because that remedy includes the payment of money, the Court of Claims has exclusive jurisdiction. For the reasons stated below, we hold that courts of common pleas do have jurisdiction, and accordingly, we reverse the judgment of the court of appeals.

I

{¶ 2} Angel Santos was injured in the course of his employment. He received $121,941.03 in benefits and compensation from the Ohio Bureau of Workers' Compensation ("BWC"), and later settled an intentional-tort claim against his

employer for $500,000. Former R.C. 4123.931 purported to give the BWC subrogation rights for the amount it had paid to Santos. 1995 Am.Sub.H.B. No. 278, 146 Ohio Laws, Part II, 3581, 3596.

{¶ 3} On October 15, 1999, Santos filed a class action lawsuit against the BWC in the Cuyahoga County Court of Common Pleas. The complaint sought injunctive and declaratory relief from the BWC's attempts to assert subrogation rights against Santos and others pursuant to R.C. 4123.931.

{¶ 4} Santos sought to have two classes certified. The first was composed of those individuals against whom the BWC had asserted its subrogation rights but from whom it had not yet collected money. The second class included individuals from whom the BWC had already recovered subrogation moneys. Santos's complaint argued that R.C. 4123.931 was unconstitutional, and he sought "appropriate injunctive relief, and * * * an award of attorney fees, litigation expenses and court costs."

{¶ 5} While litigation was pending in this case, in June 2001 this court held that R.C. 4123.931 was indeed unconstitutional in *Holeton v. Crouse Cartage Co.* (2001), 92 Ohio St.3d 115, 748 N.E.2d 1111. The BWC then filed a motion to dismiss the *Santos* action, arguing that the common pleas court lacked subject matter jurisdiction. Shortly thereafter, class certification was granted, and the BWC filed an acknowledgment that it could no longer assert subrogation rights under the version of R.C. 4123.931 that had been enacted in 1995. The BWC appealed, challenging the class certification and the propriety of the common pleas court's subject matter jurisdiction.

{¶ 6} The Eighth District Court of Appeals reversed, holding that the Court of Claims had exclusive jurisdiction over the case and that the common pleas court had therefore lacked subject matter jurisdiction. The appellate court examined the claims of each of the two certified classes. The first class, comprised of individuals against whom the BWC had asserted subrogation rights but from whom it had not yet collected, asked for injunctive relief from the BWC's collection of funds under the unconstitutional statute. The court recognized that injunctive relief was equitable relief.

{¶ 7} The second class, however, sought return of funds already collected by the BWC under the subrogation statute. The court reasoned that because the second class was seeking the return of money from the state, "it would be disingenuous to find that the appellee has filed this action in equity when what the appellee clearly seeks is restitution as the measure of damages." *Santos v. Bur. Workers' Comp.*, Cuyahoga App. No. 80353, 2002-Ohio-2731, 2002 WL 1265568, ¶ 19. Because the issues presented by the first class were intertwined with those of the second class, the court concluded that the Court of Claims had exclusive jurisdiction over both claims.

{¶ 8} It is from this judgment that Santos now appeals to this court.

## II

{¶ 9} Section 16, Article I of the Ohio Constitution provides, "Suits may be brought against the state, in such courts and in such manner, as may be provided by law." R.C. 2743.03 established the Court of Claims, vesting it with "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code." However, R.C. Chapter 2743 does not divest other courts of this state of jurisdiction "to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief." R.C. 2743.03(A)(2).

{¶ 10} It is the phrase "other equitable relief" that brings this matter before this court now. Santos asserts that his claim for the return of funds wrongfully held by the state is an equitable action, namely restitution, by which he seeks to make the members of the aggrieved class whole. The BWC counters Santos's argument by noting that simply calling the requested relief restitution does not make the claim equitable. The BWC argues that the money sought represents damages for injuries and is not simply reimbursement of funds. The BWC submits that further weight is added to its position because Santos also seeks attorney fees and litigation and court costs. We find the BWC's arguments unpersuasive.

{¶ 11} Historically, restitution has been available both in equity and in law as the remedy for an unjust enrichment of one party at the expense of another. Restatement of the Law, Restitution (1937) 9. Several remedies are available to a litigant seeking restitution, including a judgment for money. "Although ordinarily such money judgment is obtained by an action at law, a decree for money will sometimes be rendered by a court of equity." Id. at 21, Section 4.

{¶ 12} The United States Supreme Court recently examined the term "equitable relief" as used in Section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), Section 1132(a)(3), Title 29, U.S.Code. *Great–West Life & Annuity Ins. Co. v. Knudson* (2002), 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635. The court considered whether "judicially decreed reimbursement for payments made to a beneficiary of an insurance plan by a third party" was "equitable relief" and therefore authorized by ERISA. The petitioners characterized their claim as one of restitution. The court stated, " 'Almost invariably * * * suits seeking (whether by judgment, injunction, or declaration) to compel the defen-

dant to pay a sum of money to the plaintiff are suits for "money damages," as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.' " Id. at 210, 122 S.Ct. 708, 151 L.Ed.2d 635, quoting *Bowen v. Massachusetts* (1988), 487 U.S. 879, 918–919, 108 S.Ct. 2722, 101 L.Ed.2d 749 (Scalia, J., dissenting). The court ultimately found that the relief requested in *Great–West* was indeed at law because the basis for petitioners' claim was that they were contractually entitled to funds for benefits that they had conferred. Id. at 214, 122 S.Ct. 708, 151 L.Ed.2d 635.

{¶ 13} Justice Scalia, writing for the majority, noted that not all suits seeking restitution can be characterized as seeking equitable relief. Instead, whether restitution is "legal or equitable depends on the basis for the plaintiff's claim and the nature of the underlying remedies sought." (Internal quotations and brackets omitted.) *Great–West* at 213, 122 S.Ct. 708, 151 L.Ed.2d 635. Justice Scalia provided the following guidance: Restitution is available as a *legal* remedy when a plaintiff cannot " 'assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him.' " Id., quoting Dobbs, Law of Remedies (2d Ed.1993) 571, Section 4.2(1). Restitution is available as an *equitable* remedy "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." Id. at 214, 122 S.Ct. 708, 151 L.Ed.2d 635.

{¶ 14} This court has employed similar reasoning to hold that equitable restitution may include the recovery of funds wrongfully held by another. In *Ohio Hosp. Assn. v. Ohio Dept. of Human Serv.* (1991), 62 Ohio St.3d 97, 579 N.E.2d 695, this court invalidated administrative rules improperly promulgated by the former Ohio Department of Human Services ("ODHS"). In that case, the ODHS argued that the Court of Claims had no jurisdiction over the matter because the state did not waive its immunity from liability for money damages resulting from an invalidated administrative rule. This court disagreed, finding that sovereign immunity was not applicable to the case. This court reasoned, "The order to reimburse Medicaid providers for the amounts unlawfully withheld is not an award of money damages, but equitable relief." Id. at 104, 579 N.E.2d 695. This court cited another United States Supreme Court case, *Bowen v. Massachusetts,* 487 U.S. 879, 895, 108 S.Ct. 2722, 101 L.Ed.2d 749, for the proposition that "[d]amages are given to the plaintiff to *substitute* for a suffered

loss, whereas specific remedies are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled. Thus, while in many instances an award of money is an award of damages, occasionally a money award is also a[n] [in] specie remedy." (Emphasis sic; internal quotations and citations omitted.) *Ohio Hosp.* at 105–106, 579 N.E.2d 695. The court concluded that "[t]he reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages, and is consequently not barred by sovereign immunity." Id. at 105, 579 N.E.2d 695.

{¶ 15} Similarly, in *Judy v. Ohio Bur. of Motor Vehicles,* a class of individuals sought injunctive relief and reimbursement from the Ohio Bureau of Motor Vehicles ("BMV") in a court of common pleas. *Judy v. Ohio Bur. of Motor Vehicles* (Dec. 31, 2001), Lucas App. No. L–01–1200, 2001 WL 1664295. The class sought return of driver's license fees that it argued the BMV had unlawfully assessed. The BMV argued that the Court of Claims had exclusive jurisdiction over the matter because the class brought an action for money damages against the state. The appellate court held that the common pleas court had properly exercised its jurisdiction because the class "sought injunctive relief and simple reimbursement of the allegedly improperly assessed fees," rather than money damages. Id.

{¶ 16} This court recently considered the appeal in *Judy v. Ohio Bur. of Motor Vehicles,* 100 Ohio St.3d 122, 2003-Ohio-5277, 797 N.E.2d 45, although the BMV did not appeal the issue of subject matter jurisdiction to this court. We did not recognize any jurisdictional defect and held that the BMV had improperly interpreted two Revised Code sections and as a result had improperly collected double license reinstatement fees. The return of the improperly collected fees is analogous to the return of moneys here. In both cases, the plaintiffs sought the return of specific funds improperly collected by a state agency.

{¶ 17} This court held in *Holeton,* 92 Ohio St.3d 115, 748 N.E.2d 1111, that the workers' compensation subrogation statute was unconstitutional. Accordingly, any collection or retention of moneys collected under the statute by the BWC was wrongful. The action seeking restitution by Santos and his fellow class members is not a civil suit for money damages but rather an action to correct the unjust enrichment of the BWC. A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity. Thus, a court of common pleas may properly exercise jurisdiction over the matter as provided in R.C. 2743.03(A)(2).

III

{¶ 18} Finally, the BWC argues that the request for attorney fees, litigation expenses, and court costs constitutes a request for compensatory damages, thereby divesting the common pleas court of jurisdiction. We disagree. It is well established that a court exercising equitable jurisdiction may allow attorney fees and costs to be paid out of the class action fund. *Smith v. Kroeger* (1941), 138 Ohio St. 508, 21 O.O. 386, 37 N.E.2d 45, paragraph three of the syllabus.

Judgment reversed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

---

Bashein & Bashein Co., L.P.A., and W. Craig Bashein; Paul W. Flowers Co., L.P.A., and Paul W. Flowers; Dworken & Bernstein Co., L.P.A., Patrick T. Murphy and Patrick J. Perotti; Dyer, Garofalo, Mann & Schultz, Ronald J. Maurer, John Smalley and Carmine Garofalo, for appellants.

Jim Petro, Attorney General, Elizabeth T. Smith, Chief Counsel, James A. Barnes and Peggy W. Corn, Assistant Attorneys General, for appellee.

Geoffrey E. Webster, urging reversal for amicus curiae Ohio Academy of Nursing Homes, Inc.