Pfeifer, J.,
dissenting.
{¶ 65} This case has me flummoxed. On the one hand, the majority paints a compelling picture. The law and the facts appear to point in one direction, that of requiring Glick and any other similarly situated individual to appeal his or her case in order to challenge the excessive costs. On the other hand, the Berea Municipal Court has been found to be charging excessive costs, and it is subject to the authority, both appellate and supervisory, of the Supreme Court of Ohio. Why can’t we do something about it here and now?
(1)
{¶ 66} A majority of this court and the appellee, the clerk of the Berea Municipal Court, agree that Glick should have filed a direct appeal. But on what grounds? Glick does not contest his conviction or the legitimate court costs that he was required to pay. And in truth there is nothing to contest; he pled guilty and agreed to pay court costs. So this court must be suggesting that Glick should have appealed the allegedly unauthorized court costs. But how could he? It does not appear that the judge in the municipal court assessed the unauthorized charges that were collected. Glick alleged that the court clerk charged court costs that are not authorized by statute. That is a void act, a nullity, and there is no reason to think it constitutes a final, appealable order. See State ex. rel. Carnail v. McCormick, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 36 (“void judgments do not constitute final, appealable orders”). Glick had an untenable choice: either file a frivolous appeal (appealing the imposition of a cost he agreed to pay) or file no appeal and forgo any remedy because the order was void and therefore not appealable.
(2)
{¶ 67} Even though the class-action process has been abused at times, the facts in this case scream out for certification of the class. The facts as alleged present a classic class-action scenario, even though, if allowed to go forward, the plaintiffs *446 may ultimately fail to prove their ease. Hundreds of parties might have suffered the same injury, having all been charged excessive fees that were unauthorized by statute. The excessive fees were so small in each individual case that seeking redress through the normal legal process was economically unviable. Glick was assessed $510 in court costs. The lower court found that $85 of the costs were unauthorized; that finding is undisturbed and remains the law of this case. Even if all $510 in court costs were unauthorized, it hardly makes economic sense to force a plaintiff to pay a filing fee (roughly $100), a transcript fee (roughly $200), and attorney fees for the possible recovery of $510.
{¶ 68} But this court is not allowing the class action to proceed, because “[a] court of common pleas has no power to vacate an order rendered by a municipal court.” Majority opinion at paragraph four of the syllabus. The legal validity of this statement and that of the other paragraphs of the syllabus is unassailable. I concur in the four paragraphs of syllabus law. But I do not agree that we are powerless to act in this case.
{¶ 69} Glick is seeking a declaratory judgment that he was forced to pay fees that were unauthorized. What else was he supposed to do? As noted above, he did not have good options. He is also seeking reimbursement of the allegedly unauthorized fees. If the court of common pleas grants Glick everything he seeks, it will not affect anything that the judge of the municipal court has done. The court of common pleas is not attempting to vacate an order of the municipal court; it is declaring that unauthorized costs were collected and that doing so was a void act.
{¶ 70} Alas, this court concludes that this is tantamount to reviewing and vacating a portion of the sentencing entry. But can a court vacate a nullity? By definition a'nullity is something that never happened. The court of common pleas is not vacating a sentencing order. It is declaring that unauthorized costs were collected. When sitting in equity, a trial court of this state has jurisdiction to declare that an act performed on behalf of a court that was unauthorized by statute is void. See State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus (a sentence that is void “may be reviewed at any time, on direct appeal or by collateral attack”). See also Santos v. Ohio Bur. of Workers’ Comp., 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441, syllabus (“A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity. Thus, a court of common pleas may properly exercise jurisdiction * * * ”).
(3)
{H 71} The end result of this case is exactly the opposite of what the people of Ohio should expect of their government. The people of Ohio expect a govern *447 ment that acts according to the law. The court of common pleas in this case found that the Berea Municipal Court acted contrary to law when it improperly collected multiple special-project costs, improperly charged costs for offenses that have been dismissed, and improperly charged a credit-card processing fee for fees paid in cash. All of these actions are unauthorized by statute. That means that they are illegal. It is also possible, as the complaint alleged, that other municipal courts are also charging unauthorized fees. That means that other courts might also be performing illegal acts.
Paul W. Flowers Co., L.P.A., and Paul W. Flowers; Bashein & Bashein Co., L.P.A., and W. Craig Bashein; Plevin & Gallucci and Frank Gallucci III; and Dworken & Bernstein Co. and Patrick J. Perroti, for appellants.
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A., David M. Cuppage, and Scott D. Simpkins; and James N. Walters, Berea Director of Law, for appellee.
Peter Galyardt, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.
Reminger Co., L.P.A., Ronald A. Mingus, and Brent S. Silverman, urging affirmance for amici curiae Thomas E. Day Jr., Clerk of the Bedford Municipal Court, Victoria Dailey, Clerk of the Chardon Municipal Court, and Lisa Mastran-gelo, Clerk of the Willoughby Municipal Court.
Freund, Freeze & Arnold, Wayne E. Waite, and Adam C. Armstrong; and Theodore A. Hamer III, Kettering Law Director, urging affirmance for amicus curiae Andrea White, Clerk of the Kettering Municipal Court.
{¶ 72} The majority has thrown its hands in the air and concluded that, given the posture of this case, “we are constrained to review the cause of action as it was actually presented to us * * Majority opinion at ¶ 50. I do not agree. Once we have accepted jurisdiction, it is our duty to provide justice to the parties before us. In this case, the way to do that is to reinstate the decision of the trial court, which required the Berea Municipal Court to refrain from illegal activity, and allow the plaintiffs an opportunity to prove that they are entitled to equitable redress.
{¶ 73} I would reverse the judgment of the court of appeals and reinstate the sound decision of the court of common pleas.
O’Neill, J., concurs in the foregoing opinion.