**[Cite as *Hurlburt v. Klein*, 2021-Ohio-2167.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | | |
|---|---|---|
| DEBORAH HURLBURT | | C.A. No.    20CA011607 |
| Appellant/Cross-Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT KLEIN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee/Cross-Appellant | | CASE No.    17 CV 192479 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2021

HENSAL, Judge.

{¶1}    Deborah Hurlburt appeals a judgment of the Lorain County Court of Common Pleas that awarded her $23,374 against Robert Klein.  Mr. Klein has cross-appealed the judgment.  For the following reasons, this Court affirms.

I.

{¶2}    Ms. Hurlburt and Mr. Klein were in a romantic relationship for several years and decided to move in together.  Ms. Hurlburt had been living with her mother and wanted to continue to live with her, but the house Mr. Klein owned was too small for all three of them.  Mr. Klein therefore agreed to tear down the house and construct a new one.  To finance the construction of the new home, Ms. Hurlburt and Mr. Klein each contributed $15,000, and they obtained a loan together for the balance.  Although Ms. Hurlburt co-signed the loan, Mr. Klein remained the only person titled on the deed to the property.  After the house was completed, Ms. Hurlburt and Mr. Klein both made contributions to a joint account that was used to make payments on the loan.

{¶3} A little over a year after they all moved into the new house, Ms. Hurlbut determined that she could not live with Mr. Klein any longer and moved her mother and herself out. She also stopped contributing toward the loan. After Mr. Klein refused to reimburse her for the payments she had made toward the construction of the house and the repayment of the loan, Ms. Hurlbut filed a complaint against him, seeking the imposition of a constructive trust and the reformation of the deed to the property. Ms. Hurlburt also sued Mr. Klein for partition and quiet title.

{¶4} The case proceeded to a trial before the bench. The court determined that there was no basis for the imposition of a constructive trust but found that Mr. Klein has been unjustly enriched by Ms. Hurlburt's contributions. It awarded Ms. Hurlburt a judgment for the amounts she had initially paid to the builder as well as for additional charges she had paid during construction for flooring, cabinetry, gravel, and landscaping. Ms. Hurlburt has appealed, assigning three errors. Mr. Klein has cross-appealed, assigning one error.

II.

MS. HURLBURT'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN [IT] DENIED HURLBURT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT.

{¶5} In her first assignment of error, Ms. Hurlburt argues that the trial court should have granted the motion for partial summary judgment that she filed before trial. Under Civil Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary

materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6} In her motion for partial summary judgment, Ms. Hurlburt argued that there were no legitimate questions of fact and that the law recognizes and protects her unrecorded interest in Mr. Klein's property. Upon review of the record, however, we conclude that this issue is moot. The Ohio Supreme Court has held that "[a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150 (1994), syllabus.

{¶7} At trial there was a dispute of fact about the understanding of the parties at the time that they obtained the loan to begin construction of the new house. According to Ms. Hurlburt, the house was going to be their shared property, even though Mr. Klein was the only one whose name would be on the deed. According to Mr. Klein, he only told Ms. Hurlburt that she would be permitted to live on the property until her death, and that he would then donate it to the county park system. There was also a dispute of fact at trial regarding whether the construction of the new house benefitted Mr. Klein or whether he had actually lost equity in the property. We, therefore, conclude that, under *Whittington*, the issue of whether the trial court erred when it denied Ms. Hurlburt's motion for partial summary judgment is moot. *Id*. at 156 ("[T]he denial of a motion

for summary judgment is not a point of consideration in an appeal from a final judgment entered following a trial on the merits.").  Ms. Hurlburt's first assignment of error is overruled.

MS. HURLBURT'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DID NOT IMPOSE A CONSTRUCTIVE TRUST UPON AND REFORM THE DEED TO KLEIN'S REAL ESTATE.

{¶8}    In her second assignment of error, Ms. Hurlburt argues that the court should have imposed a constructive trust on Mr. Klein's property.

> A constructive trust is a "trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.  It is raised by equity to satisfy the demands of justice."

*Estate of Cowling v. Estate of Cowling,* 109 Ohio St.3d 276, 2006-Ohio-2418, ¶ 19, quoting *Ferguson v. Owens*, 9 Ohio St.3d 223, 225 (1984).  "A constructive trust is considered a trust because 'when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.'"  *Id*., quoting *Ferguson* at 225.  "The party seeking to have a constructive trust imposed bears the burden of proof by clear and convincing evidence."  *Id*. at ¶ 20.

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9}    Ms. Hurlburt argues that it was the parties' intention to share the house and that the only reason she moved out was because Mr. Klein made it intolerable for her to continue to live

there. She argues that, because she remains obligated on the note, she cannot obtain financing to build her own house. She notes that she invested the proceeds of the sale of her old house into the construction costs of the shared house, which has increased in value substantially over the past few years. She also notes that Mr. Klein admitted that the situation was not fair to her. According to Ms. Hurlburt, she trusted Mr. Klein when he said that she could live in the new house forever.

{¶10} According to Mr. Klein, he was clear to Ms. Hurlburt that he wanted to remain the only person on the deed because he had lived on the property for approximately 30 years and wanted to live there until his death. He had intended to give Ms. Hurlburt a life estate but had not reformed the deed yet. Mr. Klein testified that, because Ms. Hurlburt stopped paying her share of the loan payments, he could barely afford the loan. He also testified that, although the overall value of the property increased after the new house was built, his equity had dropped, because he had only owed $30,000 on the old house and now owed over $200,000 on the new one.

{¶11} The Ohio Supreme Court has recognized that determining what is equitable is somewhat imprecise. *Estate of Cowling*, 2006-Ohio-2418, at ¶ 35. Upon review of the record, we cannot say that the trial court erred when it determined that equity did not require the imposition of a constructive trust over Mr. Klein's property. Ms. Hurlburt's second assignment of error is overruled.

MS. HURLBURT'S ASSIGNMENT OF ERROR III

THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} In her third assignment of error, Ms. Hurlburt argues that the trial court's conclusion was against the manifest weight of the evidence. When reviewing the manifest weight of the evidence in a civil case, this Court

weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

*Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001). "[A] reversal on manifest weight grounds [is] * * * 'reserved for the exceptional case in which the evidence weighs heavily against the judgment.'" *Wheatley v. Howard Hanna Real Estate Servs.*, 9th Dist. Lorain No. 13CA010505, 2015-Ohio-2196, ¶ 11, quoting *A.S. v. P.F.*, 9th Dist. Lorain No. 13CA010379, 2013-Ohio-4857, ¶ 5.

{¶13} The trial court found that there was no evidence of fraud or deceitful conduct by Mr. Klein. It also found that Ms. Hurlburt went forward with signing the note even though she knew that her name would not be on the deed and that she would be obligated to repay the loan. It found that, although Ms. Hurlburt believed that she could live on the property for her life, there was nothing in the record that would form the basis for imposing a constructive trust. It determined, however, that she justifiably relied on Mr. Klein's promise to her detriment and that Mr. Klein had been unjustly enriched by her contributions.

{¶14} Ms. Hurlburt has not directed this Court to any evidence that contradicts the trial court's findings about whether there was any fraud and deceit, her knowledge at the time of signing, or her expectation about being able to remain at the property. Ms. Hurlburt merely disagrees with the trial court's determination that the facts did not warrant the imposition of a constructive trust. Upon review of the record, we conclude that Ms. Hurlburt has not established that the trial court clearly lost its way and created a manifest miscarriage of justice when it resolved the conflicts in the evidence in favor of Mr. Klein. The judgment is not against the manifest weight of the evidence. Ms. Hurlburt's third assignment of error is overruled.

MR. KLEIN'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DETERMINING THAT ROBERT KLEIN WAS UNJUSTLY ENRICHED AND ERRED IN AWARDING DEBORAH HURLBURT A JUDGMENT IN THE AMOUNT OF $23,374.

{¶15} In his assignment of error, Mr. Klein argues that the trial court erred when it determined that he had been unjustly enriched by Ms. Hurlburt's contributions to the construction of the new house. Specifically, he argues that the trial court's decision is against the manifest weight of the evidence.

{¶16} According to Mr. Klein, it was not disputed that, at the time the parties decided to tear down the old house, the property was worth $200,000 and was encumbered by a mortgage of $30,884. At the time of the parties' separation, the value of the property had increased to $302,000, but was now encumbered by a mortgage of approximately $240,000. Mr. Klein argues that he was not enriched by Ms. Hurlburt's contributions and that his equity in the property actually decreased significantly. Although by the time of the trial the value of the property had increased further and the mortgage had decreased, his overall equity in the property was still less than it had been before tearing down the old house. Mr. Klein also argues that his mortgage payments are nearly $1,000 more a month than they used to be and that his property taxes have increased as well.

{¶17} Initially, we note that Ms. Hurlburt's complaint did not include a separate cause of action for unjust enrichment. It did, however, contain a cause of action for a constructive trust. A constructive trust is "an equitable remedy that protects against unjust enrichment * * *." *Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, at ¶ 19. "[A]lthough usually invoked when property has been acquired by fraud, a constructive trust may also be imposed where it is against the principles of equity that the property be retained by a person even though the property was acquired without fraud." *Russell v. Russell*, 5th Dist. Stark No. 2014CA00166, 2015-Ohio-3022,

¶ 26; *Ferguson*, 9 Ohio St.3d at 226. Thus, the issue of unjust enrichment was "a part of [Ms. Hurlburt's] claim of a constructive trust rather than [a] separate cause[ ] of action, and [she] was not required to plead unjust enrichment" separately. *Russell* at ¶ 26. The complaint was also captioned as a "Complaint for Equitable Relief, Partition and to Quiet Title" and asked for a judgment in the amount of $30,909.40 and "any other relief that this court deems just and equitable."

{¶18} "To succeed on a claim for unjust enrichment, a plaintiff must show that (1) [she] conferred a benefit upon the defendant; (2) the defendant knew of the benefit; and '(3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment.'" *Chaffee Chiropractic Clinic, Inc. v. Stiffler*, 9th Dist. Wayne No. 16AP0033, 2017-Ohio-7790, ¶ 24, quoting *Magnum Steel & Trading, L.L.C. v. Mink*, 9th Dist. Summit Nos. 26127 and 26231, 2013-Ohio-2431, ¶ 42. Restitution is available as a remedy for an unjust enrichment of one party at the expense of another. *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, ¶ 11. Fraud does not have to be established to recover for unjust enrichment. *See Russell* at ¶ 26.

{¶19} The trial court found that, although there was no evidence of fraud or deceitful conduct by Mr. Klein, Ms. Hurlburt went forward with the loan transaction because she believed that she would be able to live on the property for the rest of her life. It found that Ms. Hurlburt justifiably relied on Mr. Klein's promises to her detriment and that, under the circumstances, Mr. Klein had been unjustly enriched. The court awarded her restitution for the amounts she had contributed during the construction of the new house only, which were her payments to the builder, her payment for excess charges the parties' incurred because of their flooring and cabinetry choices, her payment to a gravel contractor, and her payment for landscaping.

{¶20} Although Mr. Klein had lost a significant amount of equity in his property at the time of the separation, he acknowledged at trial that he was nearly back to where he had been with the old house. Mr. Klein argues that Ms. Hurlburt went into the transaction with open eyes, but so did he, choosing to voluntarily encumber the property with a much larger mortgage. He accepted thousands of dollars in contributions from Ms. Hurlburt while not bestowing any legal benefits on her. He also refuses to sell the property, which would release both of them from the debt. Mr. Klein also admitted at trial that the situation is not fair to Ms. Hurlburt.

{¶21} The Ohio Supreme Court has recognized that the term "unjust enrichment" has been criticized because it connotes an actual increase to the defendant's estate even though it requires only that he "retains money or benefits which in justice and equity belong to another." *Hummel v. Hummel*, 133 Ohio St. 520, 528 (1938). It has also recognized that equity is an imprecise standard and depends to a large extent on the conscience of the decision-maker. *Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, at ¶ 35. Upon review of the record, we cannot say that this is the exceptional case in which the trial court, as the trier of fact, lost its way when it determined that it would be unjust for Mr. Klein to retain the contributions that Ms. Hurlburt made to the construction of his home and that she should be reimbursed for her payments. The evidence does not weigh heavily in favor of Mr. Klein. We, therefore, conclude that the trial court's judgment is not against the manifest weight of the evidence. Mr. Klein's assignment of error is overruled.

III.

{¶22} Ms. Hurlburt's assignments of error are overruled. Mr. Klein's assignment of error is also overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

10

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant/Cross-Appellee.

JAMES V. BARILLA, Attorney at Law, for Appellee/Cross-Appellant.