[Cite as *Cirino v. Ohio Bur. of Workers' Comp.*, 2022-Ohio-1495.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

MICHAEL CIRINO,                               :

     Plaintiff-Appellant,            :

                             No. 110654

     v.                              :

OHIO BUREAU OF WORKERS'                       :
COMPENSATION,
                             :

     Defendant-Appellee.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-21-944521

---

### *Appearances:*

Bashein & Bashein Co., L.P.A., W. Craig Bashein, and John P. Hurst; Flowers & Grube, Paul W. Flowers, Louis E. Grube, and Melissa A. Ghrist; and Charles J. Gallo Co., L.P.A., and Charles J. Gallo, *for appellant.*

David Yost, Attorney General of Ohio, and Sarah E. Thomas, Assistant Attorney General; and Taft Stettinius & Hollister LLP, Ronald D. Holman, II, Michael J. Zbiegien, Jr., and Stephanie A. Kortokrax, *for appellee.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Plaintiff-appellant Michael Cirino ("Cirino") appeals the judgment of the Cuyahoga County Court of Common Pleas that granted a motion to dismiss filed by defendant-appellee Ohio Bureau of Workers' Compensation ("the BWC" or "the bureau") and dismissed the case with prejudice for lack of subject-matter jurisdiction. Upon review, we affirm the judgment of the common pleas court.

I.     Background

{¶ 2} On February 26, 2021, Cirino filed a class-action complaint for declaratory and injunctive relief in the Cuyahoga County Court of Common Pleas. The action arises from a debit-card program established by the bureau for the payment of workers' compensation benefits. Cirino alleges that he was "involuntarily and unlawfully assessed service fees, charges, costs or expenses, wrongfully withheld from their statutory payments or awards, which were collected from the accounts set up" for the debit-card program and that the bureau "is committing an ongoing violation of the mandatory duties imposed by R.C. 4121.39(B) and (C)" by "refusing to pay the Named Plaintiff and [class members] 100 percent of their workers' compensation benefits[.]"

{¶ 3} The current lawsuit was brought as "a refiling of the claims for declaratory and injunctive relief" that were originally raised in prior actions. The original lawsuit was filed in the Cuyahoga County Court of Common Pleas in May 2010, *Cirino v. Ohio Bur. of Workers Comp.*, Cuyahoga C.P. No. CV-10-727380, seeking the return of funds that were alleged to have been "wrongfully collected or

withheld" from certain workers' compensation benefits recipients who received payments through the debit-card program established with JPMorgan Chase Bank, N.A. ("Chase"). In the original lawsuit, the class-action complaint raised claims for statutory violation, restitution/unjust enrichment/equitable disgorgement and injunctive relief, and declaratory relief, and Cirino sought damages for the "wrongfully withheld amounts" in addition to other relief. The court of common pleas denied a motion to dismiss Cirino's suit for lack of subject-matter jurisdiction, and this court affirmed that ruling on appeal in *Cirino v. Ohio Bur. of Workers' Comp.*, 2016-Ohio-8323, 75 N.E.3d 965 (8th Dist.). However, upon a de novo review, the Supreme Court of Ohio reversed this court's decision, vacated all orders issued by the court of common pleas, and remanded the case to the court of common pleas for a dismissal for lack of subject-matter jurisdiction. *Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 1, 31 ("*Cirino* I").

{¶ 4} In *Cirino* I, the lead plurality opinion considered whether the relief sought by Cirino was equitable in nature, legal in nature, or both. *Id*. at ¶ 20. The Supreme Court looked beyond how the claims were labeled and determined that regardless of how Cirino characterized his claims, Cirino was seeking legal relief, rather than equitable restitution, in seeking to have the bureau compensate him for the alleged loss he suffered by the fees charged by Chase. *Id*. at ¶ 25-30.[1] As the lead

---

[1] The lead opinion was authored by Chief Justice O'Connor and was joined by Justices Fischer and DeGenero.

opinion recognized, "what Cirino is seeking is to have the bureau pay him money to compensate for the loss he suffered when those fees were charged [by Chase], and that is relief in the form of traditional legal damages, which is within the exclusive, original jurisdiction of the Court of Claims." *Id.* at ¶ 30. The Supreme Court further concluded that "[b]ecause Cirino's claim seeks legal relief, it may be brought only in the Court of Claims." *Cirino* I at ¶ 31. The Supreme Court also indicated that "Cirino's claims for declaratory judgment and injunctive relief must also be brought in the Court of Claims because they arise out of the same circumstances that gave rise to his claim for legal relief. R.C. 2743.03(A)(2)." *Id.*

{¶ 5} Three justices in *Cirino* I concurred in judgment only and agreed "with the lead opinion that Michael Cirino's claim is for legal relief and that jurisdiction rests in the Court of Claims." *Cirino* I, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, at ¶ 32-40 (DeWine, J., concurring in judgment only).[2] The concurring-in-judgment-only opinion focused on the locus of the specific funds to which Cirino claimed entitlement and recognized that "the BWC disbursed the funds held for Cirino to the bank" and "the bank deducted the fees that are at issue in this lawsuit." *Id.* at ¶ 37, 40. As expressed by Justice DeWine:

> Almost always, suits that seek a payment of a sum of money are suits for money damages—"the classic form of *legal* relief" (emphasis sic), *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255, 113 S. Ct. 2063, 124 L.Ed.2d 161 (1993) because "'they seek no more than compensation for loss resulting from the defendant's breach of legal duty.'" *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), quoting *Bowen v. Massachusetts*, 487 U.S.

---

[2] Justice DeWine's opinion was joined by Justices Kennedy and French.

879, 918-919, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (Scalia, J., dissenting). Only in a narrow set of circumstances—when a plaintiff seeks specifically identifiable funds in the control of the defendant—is a suit for money properly understood as equitable.

* * *

In my view, this case is resolved far more cleanly by focusing on the locus of the specific funds to which Cirino claims entitlement. * * *

* * *

Here, the BWC disbursed the funds held for Cirino to the bank. After the specific funds to which Cirino claims he was entitled were transferred to Chase, the bank deducted the fees that are at issue in this lawsuit. Thus, any remedy due Cirino would be paid not from particular funds held by the BWC to which Cirino can trace entitlement, but from the BWC's funds generally. * * * [T]he restitution sought is legal relief, not equitable relief. Accordingly, exclusive jurisdiction resides with the Court of Claims.

*Cirino* I at ¶ 33-40 (DeWine, J., concurring in judgment only).

**{¶ 6}** After the Cuyahoga County Court of Common Pleas dismissed the action pursuant to the mandate in *Cirino* I, Cirino filed a class-action complaint in the Court of Claims arising from the identical circumstances as those in *Cirino* I:

In this case, Cirino again asserts that BWC acted unlawfully in permitting JPMorgan Chase Bank, N.A. ("Chase Bank") to charge fees associated with a BWC-authorized "debit card program," which, according to Cirino's claim, resulted in BWC shifting administrative costs to BWC claimants in violation of R.C. 4123.341. (See, generally, Aug. 1, 2018 Compl., Count One.) Cirino also asserts that BWC violated its duties as set forth in R.C. 4123.67 by providing Cirino and other members of a proposed class of similarly situated individuals "with a method or mode of payment that was subject to monthly withholding of transaction fees, charges, costs, or expenses." *Id.* Cirino seeks legal, declaratory, injunctive, and other equitable relief. *Id.*

*Cirino v. Bur. of Workers' Comp.*, 2021-Ohio-1382, 171 N.E.3d 840, ¶ 4-5 (10th Dist.) ("*Cirino* II"). In *Cirino* II, the Tenth District Court of Appeals affirmed the

decision of the Court of Claims that granted a motion for partial judgment on the pleadings on all of Cirino's equitable claims and the decision to grant summary judgment in favor of the bureau on all remaining claims. *Id.* at ¶ 35. The Tenth District first determined that the Court of Claims did not err in granting partial judgment on the pleadings on Cirino's claims for equitable relief:

> The core finding of the Supreme Court in *Cirino* I is that the crux of Cirino's claims, regardless of how they are characterized, is a claim for legal money damages for reimbursement of the cumulative $5.00 teller fees he paid in accessing his BWC benefits. * * * Thus, the Supreme Court has already determined that all of Cirino's claims are legal claims, not equitable claims. It follows, then, that Cirino has failed to state claims for equitable relief, and BWC is entitled to judgment as a matter of law on these claims.

*Cirino* II at ¶ 17. The Tenth District then determined that the Court of Claims did not err in granting summary judgment on Cirino's remaining claims because Cirino's claims of entitlement to monetary compensation for the BWC's alleged violation of statutory duties set forth in R.C. 4123.341 and 4123.67 failed as a matter of law "because neither of the statutes relied on by Cirino * * * provides a private cause of action * * *." *Id.* at ¶ 32. As a result, the Tenth District found Cirino's challenge to the finding of the Court of Claims that it lacked subject-matter jurisdiction over the claims for injunctive and declaratory relief was moot. *Id.* at ¶ 32-34. No appeal was filed from the Tenth District's decision.

{¶ 7} While the appeal was pending in the Tenth District, Cirino filed the current action in the Cuyahoga County Court of Common Pleas. In the complaint, Cirino maintains that because this action seeks only declaratory and injunctive

relief, the court of common pleas possesses subject-matter jurisdiction pursuant to R.C. 2743.03(A)(2), citing *Santos v. Ohio Bur. Of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441. Among other allegations, Cirino maintains that the bureau is in violation of statutory duties set forth in R.C. 4123.341, 4123.67, and 4121.39(B) and (C), and that the bureau has denied Cirino and others the full workers' compensation benefits they are entitled to receive under the Workers' Compensation Act. Cirino is seeking declaratory relief "establishing the parties' rights and obligations between each other, including a judicial determination that the Named Plaintiff and Class Members have yet to receive the full workers' compensation benefits due to them by law as a result of the various fees that Chase and its successors have been permitted to deduct[.]" Cirino also requests injunctive relief "enjoining any further violations of the law and requiring immediate compliance with the Workers' Compensation Act by issuing the remaining benefits due to the Named Plaintiff and class members[.]" Cirino also seeks class certification and an award of costs.

{¶ 8} The bureau filed a motion to dismiss the action under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction and under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The court of common pleas granted the motion to dismiss and determined as follows:

> This is a refiled case. The Ohio Supreme Court has already held that this court does not have jurisdiction over the case. [*Cirino* I, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 1]. Case dismissed with prejudice for lack of jurisdiction.

{¶ 9} Cirino timely filed this appeal.

## II. Assignment of Error and Standard of Review

{¶ 10} In this appeal, Cirino advances a single assignment of error that claims as follows:

> The trial judge erred, as a matter of law, by dismissing plaintiff-appellant's claims for declaratory and injunctive relief.

{¶ 11} Initially, we recognize that the ruling of the court of common pleas was to dismiss the case with prejudice "for lack of jurisdiction" pursuant to Civ.R. 12(B)(1). The court did not rule upon the alternative grounds for dismissal raised in the bureau's motion, which included res judicata, time-barred by the statute of limitations under R.C. 2743.16(A), and Civ.R. 12(B)(6) failure to state a proper claim for relief. "[I]n the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 21, citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), *see also Pivonka v. Sears*, 2018-Ohio-4866, 125 N.E.3d 343, ¶ 36 (8th Dist.) ("If a trial court lacks subject matter jurisdiction, it cannot act or rule upon the issues presented."). Therefore, we shall limit our review to the trial court's decision to dismiss the action for a lack of subject-matter jurisdiction, and we decline to address issues that were not resolved by the trial court in the first instance. *See Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 2 (finding the appellate court improperly ruled on an issue of res judicata in the first instance).

{¶ 12} "'Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action.'" *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶ 5, quoting *Udelson v. Udelson*, 8th Dist. Cuyahoga No. 92717, 2009-Ohio-6462. We review a dismissal under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction de novo. *State ex rel. Duncan v. Am. Transmission Sys.*, Slip Opinion No. 2022-Ohio-323, ¶ 6, citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12. In conducting our review, we must consider "whether the complaint raises any cause of action cognizable by the forum." *State ex rel. Ohio Civ. Serv. Emps. Assn.* at ¶ 12, citing *Groza-Vance v. Vance*, 162 Ohio App. 3d 510, 2005-Ohio-3815, 834 N.E.2d 15, ¶ 13 (10th Dist.).

### III. Law and Analysis

{¶ 13} Generally, the common pleas courts have subject-matter jurisdiction over all civil cases not expressly excluded from their jurisdiction. *Pivonka v. Corcoran*, 162 Ohio St.3d 326, 2020-Ohio-3476, 165 N.E.3d 1098, ¶ 21, citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.2d 1040, ¶ 20. However, the General Assembly has, from time to time, limited the common pleas court's jurisdiction and conferred jurisdiction to another court. *Id.* at ¶ 22. It has given the Court of Claims exclusive, original jurisdiction over certain suits filed against state entities such as the bureau. *Id.*, citing R.C. 2743.03; *Cirino* I, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, at ¶ 2, citing R.C. 2743.03(A)(1).

{¶ 14} R.C. 2743.03(A) provides in part:

(1) There is hereby created a court of claims. Except as provided under section 107.43 of the Revised Code, the court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.

(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief.

{¶ 15} In order to determine whether the Court of Claims has exclusive, original jurisdiction of a civil action against the state, we must examine both the nature of the claims and the relief sought. *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 11AP-929, 2012-Ohio-1378, ¶ 7, citing *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 104, 579 N.E.2d 695 (1991). "Regardless of how an action is labeled, the substance of the party's arguments and the type of relief requested determine the nature of the action." *Cirino* I at ¶ 25, citing *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 38. Furthermore, "[a]t times, creative pleading may obscure the conceptual line between claims for money damages for loss sustained and claims for a specific form

of relief." *Dunlop* at ¶ 7, citing *Zelenak v. Indus. Comm.*, 148 Ohio App.3d 589, 2002-Ohio-3887, 774 N.E.2d 769, ¶ 15 (10th Dist.).

{¶ 16} In *Cirino* I, it was determined that "what Cirino is seeking is to have the bureau pay him money to compensate for the loss he suffered when those fees were charged, and that is relief in the form of traditional legal damages, which is within the exclusive, original jurisdiction of the Court of Claims." *Cirino* I, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, at ¶ 30. On appeal from the action filed in the Court of Claims, the Tenth District observed "Cirino again asserts that [the] BWC acted unlawfully in permitting [Chase] to charge fees associated with a BWC-authorized 'debit card program,' which, according to Cirino's claim, resulted in BWC shifting administrative costs to BWC claimants * * *." *Cirino* II, 2021-Ohio-1382, 171 N.E.3d 840, at ¶ 5. The Tenth District found that Cirino's equitable claims could not be permitted to stand because the core finding of the Supreme Court in *Cirino* I was that the crux of Cirino's claims, regardless of how they are characterized, is for legal money damages for reimbursement of fees charged by Chase and that the claims are legal claims, not equitable claims. *Cirino* II at ¶ 17, citing *Cirino* I at ¶ 27. The court also found that "because neither [R.C. 4123.341 nor 4123.67] relied on by Cirino for his claims of entitlement to monetary compensation provides a private cause of action, his claims fail as a matter of law." *Cirino* II at ¶ 32.

{¶ 17} In this action, Cirino asserts that because no equitable remedies are sought and only claims for declaratory and injunctive relief have been raised, the court of common pleas has subject-matter jurisdiction over his refiled claims. Cirino

acknowledges that "there is considerably more than $500 in dispute in this case" and that monetary damages are being sought. Nonetheless, he argues that "had [his claims for declaratory and injunctive relief] really sought legal remedies, jurisdiction over them would have rested in the Court of Claims * * *." Yet, Cirino never appealed the Tenth District's decision. Cirino also argues that jurisdiction in the court of common pleas is not lost simply because funds may have to be paid as required by law at the conclusion of the proceedings and that *Cirino* I never determined whether the same result would be required if the action was limited to declaratory and injunctive relief.

{¶ 18} As expressed in Justice DeWine's concurring-in-judgment-only opinion in *Cirino* I:

> "It does not take much lawyerly inventiveness to convert a claim for payment of a past due sum (damages) into a prayer for an injunction against refusing to pay the sum, or for a declaration that the sum must be paid, or for an order reversing the agency's decision not to pay." *Bowen*, 487 U.S. at 915-916, 108 S.Ct. 2722, 101 L.Ed.2d 749 (Scalia, J., dissenting).

*Cirino* I at ¶ 36 (DeWine, J., concurring in judgment only).

{¶ 19} Cirino's complaint alleges that he was "involuntarily and unlawfully assessed service fees, charges, costs or expenses, wrongfully withheld from their statutory payments or awards" and that the bureau is in violation of statutory duties. Regardless of how Cirino chooses to characterize his claims, the crux of his claims remains the same. Cirino's suit continues to seek monetary compensation for the alleged loss resulting from the fees collected by Chase. A payment by the bureau in

an amount equal to the fees collected by Chase is best described as compensation for a loss caused by Chase, and the relief sought is a classic form of legal relief. *See Cirino* I, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, at ¶ 27-28.

{¶ 20} While not every claim for monetary relief constitutes "money damages," the monetary relief sought in this matter is distinguishable from the relief sought in the cases cited by Cirino. *See, e.g., Santos*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441 (seeking the return of specific funds wrongfully collected by the bureau); *Interim HealthCare of Columbus, Inc. v. State Dept. of Adm. Servs*., 10th Dist. Franklin No. 07AP-747, 2008-Ohio-2286 (seeking a specific remedy to recover unpaid interest on claims paid by the State of Ohio Department of Administrative Services). In this action, the bureau distributed the full amount to which the benefit recipient was entitled to Chase, and Chase collected fees out of those payments. In his complaint, Cirino is seeking to have the bureau pay money to compensate him with the remaining benefits he claims are due to him "as a result of the various fees that Chase and its successors have been permitted to deduct[.]"[3] As determined in *Cirino* I, "that is relief in the form of traditional legal damages, which is within the exclusive, original jurisdiction of the Court of Claims." *Id*. at ¶ 30.

{¶ 21} We shall follow the Supreme Court's determination in *Cirino* I and are not persuaded by Cirino's argument that the Supreme Court's analysis in *Cirino*

---

[3] In the complaint, Cirino alleges that "[i]n 2014, KeyBank N.A. succeeded Chase as [the bureau's] agent for managing the Debit Card Program, and continued to collect fees from the injured workers' benefits * * *."

I should not be applied in this case. Cirino is free to present his challenge on appeal to the Supreme Court of Ohio.

{¶ 22} Appellant's sole assignment of error is overruled

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR