[Cite as *Akron v. Baum*, 2021-Ohio-4150.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CITY OF AKRON

    Appellee

v.

MARK J. BAUM

    Appellant

C.A. No.    29882

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2019 07 2588

DECISION AND JOURNAL ENTRY

Dated: November 24, 2021

HENSAL, Presiding Judge.

{¶1}     Mark Baum appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of the City of Akron ("the City"). This Court affirms in part and reverses in part.

I.

{¶2}     The City filed a complaint against Mr. Baum for action on an account and unjust enrichment. It later amended its complaint to correct a typographical error. In its amended complaint, the City alleged that Mr. Baum was the owner of 2349 19th Street SW in Akron (the "Property") at all relevant times. The City alleged that it entered into an agreement with Mr. Baum whereby the City agreed to provide utility services to the Property in exchange for payment from Mr. Baum under account number 04-1469-303. The City alleged that it provided the utility services to Mr. Baum, that Mr. Baum failed to pay for those services, and that he owed $21,979.05 under his account. The City attached copies of Mr. Baum's utility bills to the complaint, which

indicated that Mr. Baum's balance was $21,979.05, and demonstrated how that balance accrued over several months. In his answer, Mr. Baum admitted that he owned the Property during the relevant time period and that he was responsible for the payment of utility services, but denied that he owed the City $21,979.05.

{¶3} The City then served discovery to Mr. Baum, including requests for admissions and interrogatories. Mr. Baum admitted that he owned the Property during the relevant time period and that the Property was occupied by tenants during part of that time. He also admitted that he no longer owns the Property. He indicated that he donated the Property to the Summit County Land Bank in December 2019 in exchange for a write off of the water bill.

{¶4} The City then moved for summary judgment, arguing that it was entitled to judgment as a matter of law on its claims for action on an account and unjust enrichment. In support of its motion, the City relied upon the affidavit of Duane A. Smith. Mr. Smith averred that he is the Utilities Accounting Supervisor for the City, and that he is responsible for managing delinquent account balances and maintaining the records for the Akron Public Utilities Bureau ("APUB"). He averred that the City created Mr. Baum's account after APUB received a request to replace the water meter at the Property in March 2014 and discovered that the Property was occupied, that Mr. Baum was the owner, and that the water service to the Property was turned on.

{¶5} Mr. Smith averred that the City provided water service, sewer service, and curbside service to the Property under Mr. Baum's account from 2014 until February 21, 2018, when the City shut off water and sewer service due to a past due account balance of $370.38. He averred that when the City shuts off water service to a property, the City deems the property "Vacant/Shutoff." When this occurs, the City completes interim readings at the property, which are consumption readings that are not billed. He averred that, when a consumption reading on a

"Vacant/Shutoff" property shows elevated usage, the account for that property may be activated to bill for the elevated usage.

{¶6} Mr. Smith averred that, after the City shut off water and sewer service to the Property on February 21, 2018, it completed three interim readings between March 2018 and October 2018, all of which showed elevated usage. After each reading, the City discovered that the water service had been turned on without authorization from the City. Mr. Smith averred that, after the first two interim readings, the City shut the water and sewer back off, deemed the Property "Vacant/Shutoff[,]" and then activated Mr. Baum's account in order to bill for usage. Mr. Smith averred that, after the third interim reading, the City activated Mr. Baum's account in order to bill for usage. Unlike the first two interim readings, however, he did not aver that the City then shut the water and sewer back off.

{¶7} Mr. Smith averred that the City issued bills and letters to Mr. Baum regarding the delinquent balance, but that his account remained unpaid. Mr. Smith averred that one of the letters, which was sent in January 2019, again informed Mr. Baum of the delinquent balance, as well as the fact that he could request a hearing before the City's Claims Commission if he was unsatisfied with the explanation of the account balance. Mr. Smith averred that Mr. Baum's account balance continued to remain unpaid, and that the City sent Mr. Baum a bill in February 2019 for $21,979.05. Mr. Smith supported his affidavit, in part, with copies of the meter readings and bills associated with Mr. Baum's account, which showed how the delinquent balance accrued over the prior months.

{¶8} Relying on Mr. Smith's affidavit, Mr. Baum's responses to its discovery requests, the meter readings and bills associated with Mr. Baum's account, and APUB's rules and regulations, the City argued that it was entitled to judgment as a matter of law on its claims for

action on an account and unjust enrichment. Regarding its claim for action on an account, the City acknowledged that an action on an account is an action for breach of contract. It argued that it had an implied-in-fact contract with Mr. Baum because it provided water, sewer, and curbside service to the Property, and Mr. Baum accepted those services. The City argued that Mr. Baum breached the implied-in-fact-contract by not paying for the services the City provided.

{¶9} Having set forth its argument regarding Mr. Baum's breach of an implied-in-fact contract, the City then argued that it established a prima facie case for action on an account because it established: (1) the existence of the account and Mr. Baum as the account's owner; (2) a beginning balance showing a provable sum that qualifies as an account stated; (3) listed consumption amounts that represented new monthly charges on the account; and (4) a summarization of the developing balance calculated based on current water and sewer consumption rates calculated monthly, past balances owed on the account, and any payments made on the account. The City argued that there was no genuine issue of material fact that Mr. Baum has an unpaid account balance of $21,979.05, and, therefore, that it was entitled to judgment as a matter of law on its claim for action on an account.

{¶10} Regarding its claim for unjust enrichment, the City argued that it conferred the benefit of water service, sewer service, and curbside service on Mr. Baum, which rendered the Property habitable for Mr. Baum's tenants while Mr. Baum owned the Property. The City argued that Mr. Baum had knowledge of this benefit, yet failed to pay for those services. It concluded that there was no genuine issue of material fact that the City is entitled to compensation in the amount of $21,979.05 for the benefit the City conferred upon Mr. Baum.

{¶11} Mr. Baum did not oppose the City's motion, and the trial court granted summary judgment in favor of the City. In doing so, it concluded that Mr. Baum breached an implied-in-

fact contract, and that he was unjustly enriched by receiving services from the City without paying for those services. Mr. Baum now appeals that order, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY RULING AGAINST THE APPELLANT ON AN UNPAID UTILITY BILL IN VIOLATION OF THE AKRON PUBLIC UTILITIES BUREAU RULES AND REGULATIONS.

{¶12} In his assignment of error, Mr. Baum argues that the trial court erred by granting summary judgment in favor of the City on its claims for action on an account and unjust enrichment. This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶13} The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact concerning the essential elements of the non-moving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civil Rule 56(C). *Id.* at 292-293. If the moving party satisfies this burden, then the non-moving party has the reciprocal burden to demonstrate a genuine issue for trial remains. *Id.* at 293. If the non-moving party does not oppose the motion for summary judgment, then this Court's review is

limited to whether the moving party met its initial summary judgment burden. *Bank of New York Mellon for Nationstar Home Equity Loan Tr. 2007-B v. Bridge*, 9th Dist. Summit No. 28461, 2017-Ohio-7686, ¶ 11, 22. Here, by failing to respond to the City's motion for summary judgment, Mr. Baum has forfeited the right to raise any argument on appeal that he did not raise below. *Id.* at ¶ 22; *Sovereign Bank, N.A. v. Singh*, 9th Dist. Summit No. 27178, 2015-Ohio-3865, ¶ 11 ("When the non-moving party fails to raise an argument when responding to the motion for summary judgment, the party forfeits the right to raise that argument on appeal.").

{¶14} This Court's review of the City's motion for summary judgment, and the materials attached thereto, indicates that the City demonstrated the absence of a genuine issue of material fact concerning the essential elements of an action on an account. "An action on an account is appropriate where the parties have conducted a series of transactions, for which a balance remains to be paid." *E. Ohio Gas Co. v. Kenmore Constr. Co. Inc.*, 9th Dist. Summit Nos. 19567, 19790 2001 WL 302818, *5 (Mar. 28, 2021). "Such action is founded on a contract, express or implied." *Id.* Thus, to prevail on a claim for action on an account, a plaintiff "must establish each of the essential elements of a contract claim." *Wadsworth Pointe Health Care Group, Inc. v. Baglia*, 9th Dist. Medina No. 17CA0064-M, 2018-Ohio-1978, ¶ 9.

{¶15} The trial court found that the City had an implied-in-fact contract with Mr. Baum. An implied-in-fact contract hinges upon proof of all of the elements of a contract. *Dunn v. Bruzzese*, 172 Ohio App.3d 320, 2007-Ohio-3500, ¶ 28 (7th Dist.2007). An implied-in-fact contract diverges from an express contract in the form of proof that is required to establish each contractual element. *Id.* "In express contracts, assent to the terms of the contract is actually expressed in the form of an offer and an acceptance." *Id.* "On the other hand, in implied-in-fact contracts the parties' meeting of the minds is shown by the surrounding circumstances, including

the conduct and declarations of the parties, that make it inferable that the contract exists as a matter of tacit understanding." *Id.*; *accord E. Ohio Gas Co.* at *5 ("To establish a contract implied in fact, a party must demonstrate that circumstances surrounding the parties' transactions make it reasonably certain that an agreement was intended."). Regarding an action on an account, this Court has stated:

> "To establish a prima facie case for money owed on an account, a plaintiff must demonstrate the existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due."

*Schottenstein Zox & Dunn Co., L.P.A. v. Reineke*, 9th Dist. Medina No. 10CA0138-M, 2011-Ohio-6201, ¶ 18, quoting *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, ¶ 6 (1st Dist.).

{¶16} The City submitted evidence that it provided utility services to the Property, which Mr. Baum accepted, and that the outstanding balance on Mr. Baum's account was $21,979.05. As previously noted, the City supported its motion for summary judgment, in part, with copies of meter readings and bills associated with Mr. Baum's account that dated back to when the City transferred the account from the previous owner of the Property to Mr. Baum. The City also supported its motion with a copy of APUB's rules and regulations that detailed quarterly water rates and billing practices, among other items. Having reviewed the City's motion for summary judgment and its attachments, this Court concludes that the City met its initial burden of demonstrating the absence of a genuine issue of material fact concerning the essential elements of its claim for action on an account. This Court, therefore, affirms the trial court's grant of summary judgment with respect to that claim. *See Bridge*, 2017-Ohio-7686, at ¶ 22 (noting that, when the

non-moving party fails to respond to the moving party's motion for summary judgment, this Court's review is limited to whether the movant met its initial summary judgment burden).

{¶17}   We now turn to the trial court's grant of summary judgment on the City's claim for unjust enrichment.  "'A claim for unjust enrichment, or quantum meruit, is an equitable claim based on a contract implied in law, or a quasi-contract' and 'the elements of [the claims] are identical.'"  (Alterations sic.)  *Baglia*, 2018-Ohio-1978, at ¶ 21, quoting *Padula v. Wagner*, 9th Dist. Summit No. 27509, 2015-Ohio-2374, ¶ 47.  Generally, a party cannot recover under the theory of unjust enrichment when the subject matter of that claim is covered by an express contract or an implied-in-fact contract.  *Deffren v. Johnson*, 1st Dist. Hamilton No. C-200176, C-200183, 2021-Ohio-817, ¶ 10, citing *Ryan v. Rival Mfg. Co.*, 1st Dist. Hamilton No. C-810032, 1981 WL 10160, *1 (Dec. 16, 1981); *Baglia* at ¶ 21, quoting *Padula* at ¶ 48 ("Ohio law does not permit recovery under the theory of unjust enrichment when an express contract covers the same subject."); *see Shaw v. J. Pollock & Co.*, 82 Ohio App.3d 656, 661 (9th Dist.1992) ("The legal effect of an implied contract and an express contract is identical[.]"); *compare Zeck v. Sokol*, 9th Dist. Medina No. 07CA0030-M, 2008-Ohio-727, ¶ 13-16 (analyzing a situation wherein claims for breach of contract and unjust enrichment are both viable).

{¶18}   The trial court determined that the City and Mr. Baum had an implied-in-fact enforceable contract and granted summary judgment in favor of the City on its claim for action on an account.  Having determined that the parties had a contract, it erred by then granting summary judgment on the City's claim for unjust enrichment, which applies in the absence of an enforceable contract.  This Court, therefore, reverses the trial court's grant of summary judgment on the City's claim for unjust enrichment.  Mr. Baum's first assignment of error is overruled in part and sustained in part.

III.

{¶19}  Mr. Baum's assignment of error is overruled with respect to the trial court's grant of summary judgment on the City's claim for action on an account, and is sustained with respect to the trial court's grant of summary judgment on the City's claim for unjust enrichment.  The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part.

Judgment affirmed in part,
and reversed in part.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MARK J. BAUM, pro se, Appellant.

EVE V. BELFANCE, Director of Law, and KIRSTEN L. SMITH, Assistant Director of Law, for Appellee.