[Cite as *Kopsky v. MURrubber Technologies, Inc.*, 2022-Ohio-511.]

STATE OF OHIO            )                    IN THE COURT OF APPEALS
                         )ss:                 NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

JOHN F. KOPSKY                               C.A. No.      29867
                                                           29984
    Appellant

    v.
                                             APPEAL FROM JUDGMENT
MURRUBBER TECHNOLOGIES, INC.                 ENTERED IN THE
                                             COURT OF COMMON PLEAS
    Appellee                        COUNTY OF SUMMIT, OHIO
                                             CASE No.      CV-2019-04-1543

DECISION AND JOURNAL ENTRY

Dated: February 23, 2022

CARR, Judge.

{¶1}    Plaintiff-Appellant John F. Kopsky appeals the judgments of the Summit County Court of Common Pleas.  This Court affirms.

{¶2}    Beginning in 1995, Mr. Kopsky began working for Paratech as a rubber consultant.  Over the years in his work for Paratech, Mr. Kopsky developed formulas and mixing procedures.  A company called Polymerics would use Mr. Kopsky's formulas and methods to mix rubber ordered by Paratech.  That rubber then needed to be calendered in order to be used by Paratech.  Calendering is a process that flattens a slab of rubber.

{¶3}    Mr. Kopsky alleged that, in 1996, he entered into an oral agreement with Jim Bedell, who was an owner of Bedell-Kraus Flexographic and Pharmaceutical Rubber, Inc. ("Bedell-Kraus").  Mr. Kopsky asserted that for affording Bedell-Kraus the opportunity to do the calendaring for Paratech, Bedell-Kraus would pay Mr. Kopsky 25 cents a pound for all of the rubber using his formulas that Polymerics, or another entity, would mix and send to Bedell-

Kraus. Mr. Kopsky maintained that there was no length of time stated for the agreement. There was no discussion on how long the agreement would last or how it could be ended.

{¶4} In August 2016, Canyon Advisors, which is 100% owned by Anthony Murru, purchased all of the stock and real estate assets of Bedell-Kraus and its affiliates. Bedell-Kraus ultimately became known as Defendant-Appellee MURrubber Technologies, Inc. ("MURrubber"). At the time of the acquisition, there was a liability to Mr. Kopsky recorded in Bedell-Kraus' accounts payable ledger. That liability was paid. In addition, Mr. Murru was aware that, under Bedell-Kraus, there was a history of payments to Mr. Kopsky. However, no contracts or agreements were presented for Mr. Kopsky. It was Mr. Murru's understanding that Bedell-Kraus was paying Mr. Kopsky amounts for processing material for Paratech; however, Mr. Murru did not understand why those payments were being made. Office personnel who worked for Bedell-Kraus, and continued working for the company when it was acquired, indicated that Mr. Kopsky would present statements requesting payment and they would be paid at the direction of one of the owners of Bedell-Kraus. Mr. Murru believed that any relationship that existed ended with the acquisition in August 2016.

{¶5} MURrubber, however, continued to make payments to Mr. Kopsky. Mr. Murru believed that MURrubber properly paid the liability to Mr. Kopsky it assumed at the time of acquisition but maintained that other payments were made in error. Mr. Murru asserted that employees just continued to pay Mr. Kopsky as they had done in the past. The last payment made to Mr. Kopsky was on January 17, 2018.

{¶6} The record contains an August 29, 2017 email from Mr. Murru to Mr. Kopsky. Therein, Mr. Murru states that he has "been reviewing our business relationship and am having a difficult time justifying the benefits." He went on to request a meeting to discuss the situation.

Mr. Murru closed the email by stating that, "[a]t this time any future economic benefits to you associated with various products will cease until a new arrangement is worked out." A meeting was held days later, however, Mr. Murru and Mr. Kopsky differed about the result of that meeting. Mr. Kopsky maintained that Mr. Murru agreed to continue paying Mr. Kopsky 25 cents a pound until a new arrangement was made. Mr. Murru on the other hand testified no agreement was reached and Mr. Kopsky was prohibited from the company's premises effective August 29, 2017. In September 2017, Mr. Kopsky alleges he was informed he was no longer welcome at MURrubber facilities. In an April 2018 email, Mr. Kopsky informed an individual at Paratech that he "ha[s] not been affiliated with M[UR]rubber since August of 2017." Mr. Kopsky explained the email at his deposition by saying that he probably should have said that he was banned from MURrubber not that he was no longer affiliated with it. Mr. Kopsky averred that he believed that the oral agreement prevents Mr. Murru from independently seeking out Paratech as a customer.

{¶7} In April 2019, Mr. Kopsky filed a two-count complaint against MURrubber asserting claims for breach of contract and unjust enrichment. MURrubber filed an answer and counterclaim. MURrubber asserted a claim for unjust enrichment for the payments mistakenly made to Mr. Kopsky since August 2016.

{¶8} Ultimately, both sides filed motions for summary judgment. The trial court denied Mr. Kopsky's motion and granted MURrubber's motion. The trial court then held a trial to determine the amount of damages that MURrubber was entitled to receive for its unjust enrichment claim. Following the trial, the trial court determined that MURrubber was entitled to $2,689.03. At the time of the ruling, MURrubber had filed a motion for prejudgment interest and

the trial court granted time for the parties to brief the issue. While briefing was pending, Mr. Kopsky filed a notice of appeal (appeal no. 29867) and MURrubber filed a cross-appeal.

{¶9}   This Court stayed the appeal and remanded the matter to the trial court to rule on the issue of prejudgment interest. The trial court awarded MURrubber prejudgment interest in the amount of 5% per annum from the filing of the answer and counterclaim to the date judgment was entered. Mr. Kopsky then moved to appeal that judgment entry (appeal no. 29984). MURrubber moved to dismiss its cross-appeal and the motion was granted. Thereafter, Mr. Kopsky's appeals were consolidated.

{¶10}   Mr. Kopsky has raised four assignments of error in appeal no. 29867 and two in appeal no. 29984. Some of the assignments of error will be addressed out of sequence to facilitate our review.

## II.

### ASSIGNMENT OF ERROR II CASE NO. 29867

THE TRIAL COURT ERRED AS A MATTER OF LAW GRANTING SUMMARY JUDGMENT FOR MURRUBBER BASED ON THE STATUTE OF FRAUDS.

{¶11}   Mr. Kopsky argues in his second assignment of error in case no. 29867 that the trial court erred in awarding MURrubber summary judgment on its breach of contract claim based upon the Statute of Frauds.

{¶12}   This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶13}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶14}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

**{¶15}** In its motion for summary judgment, MURrubber argued that Mr. Kopsky's breach of contract claim was barred by the Statute of Frauds. The trial court agreed with MURrubber's argument.

**{¶16}** R.C. 1335.05 provides in relevant part that, "[n]o action shall be brought whereby to charge the defendant * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some

memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

{¶17} This provision has been narrowly construed by the courts. *Sherman v. Haines*, 73 Ohio St.3d 125, 127 (1995). "The provision applies only to agreements which, by their terms, cannot be fully performed within a year, and not to agreements which may possibly be performed within a year. Thus, where the time for performance under an agreement is indefinite, or is dependent upon a contingency which may or may not happen within a year, the agreement does not fall within the Statute of Frauds." *Id.*

{¶18} Even if a contract could be *terminated* within a year, the possibility of "wrongful termination is not * * * the same as the possibility of performance within the statutory period." *Sibbring v. Columbus Fin. Planning Agency, Inc.*, 10th Dist. Franklin No. 81AP-26, 1982 WL 3981, *7 (Feb. 18, 1982). "[T]ermination is not performance, but rather the destruction, of the contract * * * where there is no provision authorizing either or both of the parties to terminate as a matter of right." (Internal quotations and citations omitted). *Id.* In the case of a personal services contract, where "a defendant['s] obligation to perform is contingent upon the future acts of a third party and will continue for an indefinite time in the future[,] the contract falls within the Statute of Frauds. *Id.*

{¶19} There is no dispute that Mr. Kopsky's alleged agreement was not in writing. Moreover, despite Mr. Kopsky's argument to the contrary, we conclude that any agreement that existed was one for personal services. Mr. Kopsky, who had a business relationship with Paratech and had expertise in the rubber manufacturing industry, afforded Bedell-Kraus the opportunity to calender rubber for Paratech. In addition, this situation is somewhat unique in that whether Bedell-Kraus would have to perform its part of the alleged agreement was based

upon whether a third party, Partech, would have rubber mixed using Mr. Kopsky's formula sent to Bedell-Kraus to be calendered. Thus, we conclude the fact pattern before us is similar to that in *Sibbring*. *See also Daup v. Tower Cellular, Inc.*, 136 Ohio App.3d 555 (10th Dist.2000), and *Fleck v. Hammer*, 9th Dist. Summit No. 23533, 2007-Ohio-3998. Like *Sibbring*, this case involves a personal services agreement of indefinite duration that was dependent upon the will of a third party. *Sibbring* at \*6-7.

{¶20} Accordingly, this Court agrees with the trial court's conclusion that any alleged oral agreement was barred by the Statute of Frauds. *See id.*; *see also Daup* at 565-566; *Fleck* at ¶ 14.

{¶21} Mr. Kopsky argues that he fully performed his portion of the contract and thus his agreement should fall outside of the Statute of Frauds. However, Mr. Kopsky points to no Ohio case law in support of his argument. Instead, Ohio Supreme Court law indicates that, an oral contract incapable of being performed within a year is unenforceable under the Statute of Frauds; nonetheless, where one party fully performed and the other defaulted under the agreement a quasi-contract may arise upon which the performing party may maintain an action against the defaulting party under a theory of unjust enrichment or quantum meruit. *See Hummel v. Hummel*, 133 Ohio St. 520 (1938), paragraph one of the syllabus; *see also Akron v. Baum*, 9th Dist. Summit No. 29882, 2021-Ohio-4150, ¶ 17 ("A claim for unjust enrichment, or quantum meruit, is an equitable claim based on a contract implied in law, or a quasi-contract and the elements of [the claims] are identical.") (Internal quotations omitted.).

{¶22} Mr. Kopsky's second assignment of error in case no. 29867 is overruled.

**ASSIGNMENT OF ERROR I CASE NO. 29867**

THE TRIAL COURT ERRED DENYING KOPSKY'S MOTION FOR SUMMARY JUDGMENT FOR BREACH OF CONTRACT AND ERRED

GRANTING MURRUBBER'S MOTION FOR SUMMARY JUDGMENT ON THAT CLAIM.

{¶23} Mr. Kopsky argues in his first assignment of error that the trial court erred in ruling on the motions for summary judgment with respect to the breach of contract claim. In so doing, Mr. Kopsky argues about the underlying merits of the cause of action. However, as the alleged agreement was barred by the Statute of Frauds, as discussed above, Mr. Kopsky cannot succeed on the merits of that cause of action.

{¶24} Mr. Kopsky's first assignment of error in appeal no. 29867 is overruled.

**ASSIGNMENT OF ERROR III CASE NO. 29867**

THE TRIAL COURT ERRED AS A MATTER OF LAW GRANTING SUMMARY JUDGMENT TO MURRUBBER ON ITS COUNTERCLAIM BY DETERMINING THAT BECAUSE ENFORCEMENT OF THE ORAL CONTRACT WAS BARRED BY THE STATUTE OF FRAUDS, AND "ALLEGEDLY GOVERNED BY AN EXPRESS AGREEMENT, THE EQUITABLE THEORY OF UNJUST ENRICHMENT IS NOT AVAILABLE."

{¶25} Mr. Kopsky argues in his third assignment of error that the trial court erred in granting summary judgment on his claim and on MURrubber's counterclaim.

{¶26} "A claim for unjust enrichment, or quantum meruit, is an equitable claim based on a contract implied in law, or a quasi-contract and the elements of [the claims] are identical." *Baum*, 2021-Ohio-4150, at ¶ 17. "To succeed on a claim for unjust enrichment, a plaintiff must show that (1) [the plaintiff] conferred a benefit upon the defendant; (2) the defendant knew of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." (Internal quotations and citation omitted.) *Hurlburt v. Klein*, 9th Dist. Lorain No. 20CA011607, 2021-Ohio-2167, ¶ 18.

{¶27} With respect to Mr. Kopsky's unjust enrichment claim, he argues that the trial court erred in concluding that, because Mr. Kopsky alleged there was an express agreement, he

could not recover under a theory of unjust enrichment. Mr. Kopsky points to *Hummel*, wherein the Supreme Court held that:

> An oral contract which is incapable of being performed within a year of the making thereof is unenforceable by reason of the statute of frauds, section 8621, General Code; but where one party thereto fully performs on his part and the other contracting party, to his unjust enrichment, receives and refuses to pay over money which, under the unenforceable contract, he agreed to pay to the party who has fully performed, a quasi contract arises, upon which the performing party may maintain an action against the defaulting party for money had and received.

*Hummel*, 133 Ohio St. 520 at paragraph one of the syllabus.

{¶28} Nonetheless, the trial court also determined that even if Mr. Kopsky's claim did not fail on that ground, Mr. Kopsky was unable to satisfy the elements of the claim. Specifically, the trial court stated:

> There is no evidence that Anthony Murru and MURrubber had knowledge of the purported oral handshake agreement between Plaintiff and Jim Bedell in 1996. Further, there is no evidence that Anthony Murru or MURrubber agreed to make payments to Plaintiff beyond the disclosed account payable of $13,980.00 that was paid in full by August of 2017 and there is no evidence that Plaintiff provided any benefit or value to MURrubber after the stock purchase in August 2016.

{¶29} On appeal, Mr. Kopsky only challenges the finding that there was no evidence that he provided any benefit or value to MURrubber. As the trial court's other quoted findings are also related to its conclusion that Mr. Kopsky could not succeed on his claim for unjust enrichment, Mr. Kopsky's argument on appeal fails as Mr. Kopsky has not demonstrated that the other findings would not support the trial court's ruling.

{¶30} With respect to Mr. Kopsky's assertion that the trial court erred in granting summary judgment to MURrubber on its unjust enrichment claim, Mr. Kopsky has not fully developed an argument. Instead, he merely states that because the damages were contractual, MURrubber was not entitled to damages based upon unjust enrichment. In so doing, Mr. Kopsky points to the trial court's judgment entry resolving the issues before it at trial – i.e. the amount of

damages – not the trial court's ruling on the summary judgment motions. Any complaint about the damages awarded MURrubber is outside the scope of Mr. Kopsky's stated assignment of error as it relates to the trial of the matter and not the trial court's summary judgment ruling. Accordingly, Mr. Kopsky has not demonstrated that the trial court erred.

{¶31} Mr. Kopsky's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV CASE NO. 29867

THE TRIAL COURT ERRED AS A MATTER OF LAW GRANTING MURRUBBER SUMMARY JUDGMENT BY NOT IMPOSING SUCCESSOR LIABILITY ON MURRUBBER FOR AN UNSATISFIED DEBT OWED TO KOPSKY.

{¶32} Mr. Kopsky appears to assert in his fourth assignment of error that the trial court erred in failing to impose continuing successor liability on MURrubber. Essentially, Mr. Kopsky makes an additional argument as to why he should have succeeded on his breach of contract claim. However, this assignment of error fails for the same reason his first assignment of error failed: the alleged agreement is barred by the Statute of Frauds. Accordingly, Mr. Kopsky's fourth assignment of error is overruled on that basis.

### ASSIGNMENT OF ERROR I CASE NO. 29984

THE TRIAL COURT ERRED BY GRANTING MURRUBBER TECHNOLOGIES PREJUDGMENT INTEREST ON ITS UNJUST ENRICHMENT CLAIM FROM THE DATE MURRUBBER FILED ITS COUNTERCLAIM INSTEAD OF CALCULATING THE OVERPAYMENT FROM THE DATE OF EACH ALLEGED OVERPAYMENT.

{¶33} Mr. Kopsky argues in his first assignment of error in appeal no. 29984 that the trial court erred in calculating MURrubber's prejudgment interest from the date of the filing of the counterclaim as opposed to the date of the alleged overpayment.

{¶34} Mr. Kopsky cannot succeed on this assignment of error because Mr. Kopsky has not been aggrieved by the perceived error in the trial court's award of prejudgment interest to

MURrubber.  In fact, any alleged error present benefits him.  "To demonstrate reversible error, an aggrieved party must demonstrate both error and resulting prejudice."  *Princess Kim, L.L.C. v. U.S. Bank, N.A.*, 9th Dist. Summit No. 27401, 2015-Ohio-4472, ¶ 18.

{¶35}  Mr. Kopsky's first assignment of error in appeal no. 29984 is overruled on that basis.

### ASSIGNMENT ERROR II CASE NO. 29984

THE TRIAL COURT ERRED BY GRANTING MURRUBBER TECHNOLOGIES PREJUDGMENT INTEREST ON ITS UNJUST ENRICHMENT CLAIM WHEN THE UNDERLYING JUDGMENT WAS ERRONEOUS.

{¶36}  Mr. Kopsky argues in his second assignment of error that the trial court erred in granting MURrubber prejudgment interest.  Mr. Kopsky asserts "[b]ecause the October 7, 2020 judgment against [Mr.] Kopsky was erroneous, any award of prejudgment interest to MURrubber was also erroneous."  He has not developed any further argument.  Irrespective, Mr. Kopsky did not demonstrate the trial court erred in the other appeal.  Therefore, he also has not demonstrated that the trial court erred in awarding prejudgment interest to MURrubber.

{¶37}  Mr. Kopsky's second assignment of error in appeal no. 29984 is overruled on that basis.

### III.

{¶38}  Mr. Kopsky's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

BRADLEY S. LEBOEUF, Attorney at Law, for Appellant.

JOHN S. KLUZNIK and SHAWN M. MAESTLE, Attorneys at Law, for Appellee.