[Cite as *Besancon v. Cedar Lane Farms, Corp.*, 2024-Ohio-996.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

WILLIAM BESANCON, et al.

    Appellants/Cross-Appellees

v.

CEDAR LANE FARMS, CORP, et al.

    Appellees/Cross-Appellants

C.A. No.    22AP0030
              22AP0054

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2022 CVC 0038

DECISION AND JOURNAL ENTRY

Dated: March 18, 2024

HENSAL, Presiding Judge.

{¶1}    William and Sandra Besancon appeal a judgment entry of the Wayne County Court of Common Pleas that granted Cedar Lane Farms, Corp.'s and Thomas Machamer's (collectively "Cedar Lane") motion to dismiss and a judgment entry that determined that Cedar Lane is entitled to recover attorney fees from them. Cedar Lane has also appealed the judgment entry on attorney fees. For the following reasons, this Court reverses.

I.

{¶2}    From 1986 to 2020, Cedar Lane operated greenhouses on land it leased from the Besancons. According to the Besancons, in 2014 and 2019, Cedar Lane made insurance claims for damage to the greenhouses but did not use the proceeds to repair the greenhouses, as required by the lease. They, therefore, filed a complaint against Cedar Lane, alleging breach of contract, fraud, and unjust enrichment.

**{¶3}** Cedar Lane moved to dismiss the complaint, alleging that a settlement agreement the parties had signed in 2019 barred the Besancons' claims. It also sought attorney fees under the terms of the settlement agreement. The Besancons opposed the motion, arguing that their claims did not arise until after the date of that agreement. The trial court granted the motion to dismiss, concluding that the language of the settlement agreement was broad enough to include the Besancons' new claims. Following an evidentiary hearing on the issue of attorney fees, the court determined that the Besancons had not engaged in frivolous conduct. Although it determined that Cedar Lane would be entitled to its fees under the terms of the settlement agreement, it concluded that it did not have jurisdiction over such a claim. The Besancons appealed the dismissal of their complaint and, later, amended their notice of appeal to include the entry on attorney fees. After Cedar Lane separately appealed the entry on attorney fees, this Court consolidated the appeals and designated Cedar Lane as the cross-appellant. We will address all the assignments of error involving attorney fees together.

## II.

### BESANCONS' ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

**{¶4}** In their first assignment of error, the Besancons argue that the trial court incorrectly granted Cedar Lane's motion to dismiss. Cedar Lane moved to dismiss the complaint under Civil Rule 12(B)(6). A Rule 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate if the complaint "fail[s] to state a claim upon which relief can be granted." In construing a motion to dismiss under Rule 12(B)(6), the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.

*Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. This Court reviews an order granting a Rule 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

**{¶5}** After reviewing the settlement agreement that was attached to the complaint, the trial court granted the motion to dismiss because it determined that the Besancons' claims were barred under the agreement. The Besancons argue, however, that the court overlooked facts which, if true, would establish that Cedar Lane's breach of the lease occurred after the date of the settlement agreement.

**{¶6}** The parties executed the settlement agreement on June 3, 2019. Although it released all the Besancons' claims against Cedar Lane of any kind, whether known or unknown, the parties reserved the right to bring a lawsuit against the other for any claims that might arise between them after the date of the agreement.

**{¶7}** Regarding their breach of contract claim, the Besancons acknowledge that Cedar Lane filed insurance claims for damage to the greenhouses in 2014 and 2019, before the settlement agreement was signed. They argue that, under the terms of the lease, however, Cedar Lane had until the lease expired in August 2020 to repair the greenhouses. Because Cedar Lane did not commit a breach of the lease until August 2020, they argue that their claim arose after the date of the settlement agreement, even though the damage to the greenhouses occurred before the agreement.

**{¶8}** The lease provides that Cedar Lane will maintain the leased buildings and premises in a good state of repair, reasonable wear and tear excepted. It is silent about how much time

Cedar Lane has to repair damage that occurs. "When the performance period of a contract is undefined, the law implies a term assuming that the parties intended that performance take place within a reasonable time." *Lewis v. DR Sawmill Sales, Inc.*, 10th Dist. Franklin No. 04AP-1096, 2006-Ohio-1297, ¶ 18, citing *Stewart v. Herron*, 77 Ohio St. 130, 147 (1907). "What constitutes a reasonable time for performance is an issue of fact to be determined by the conditions and circumstances under which the parties executed their agreement and contemplated performance." *First Fed. Bank of the Midwest v. Laskey*, 6th Dist. Wood Nos. WD-10-028, WD-10-046, WD-10-055, 2011-Ohio-1395, ¶ 22, citing *Miller v. Bealer*, 80 Ohio App.3d 180, 182 (9th Dist.1992).

{¶9} Whether the Besancons' breach of contract claim existed at the time of the settlement agreement depends on whether Cedar Lane's duty to maintain the premises in a good state of repair required it to repair damage near the time the damage occurred or only by the end of the lease. Viewing the allegations in the complaint in a light most favorable to the Besancons, we conclude that the trial court incorrectly determined that their breach of contract claim arose before the date of the settlement agreement and, therefore, that it was barred by the agreement.

{¶10} In addition to arguing that the settlement agreement bars the Besancons' breach of contract claim, Cedar Lane argues that the trial court's decision was correct because the Besancons failed to fulfill their contractual obligations. The trial court, however, did not address this issue in its decision, and this Court declines to do so in the first instance. *See Rubber City Arches Graham, L.L.C. v. Joe Sharma Properties, L.L.C.*, 9th Dist. Summit No. 26557, 2013-Ohio-1773, ¶ 8.

{¶11} Regarding the Besancons' fraud claim, the Besancons argue that, even if the breach of the lease occurred before the settlement agreement was signed, the settlement agreement is not enforceable because Cedar Lane induced them to enter it through fraud. In their complaint, the Besancons alleged that Cedar Lane knowingly and intentionally concealed the damage to the

greenhouses and the fact that it had received insurance proceeds for the damage. They also alleged that they would not have entered into the agreement if they knew about the damage and Cedar Lane's failure to use the insurance proceeds it had received to repair said damage. They further alleged that they were in the process of returning the consideration they had received from Cedar Lane under the settlement agreement.

{¶12} "Fraud in the inducement arises when a party is induced to enter into an agreement based on a misrepresentation." *Tesar Indus. Contractors, Inc. v. Republic Steel*, 9th Dist. Lorain Nos. 16CA010957, 16CA010960, 2018-Ohio-2089, ¶ 45. "To prevail on a claim of fraud in the inducement, a plaintiff must establish the elements of fraud:

> '(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.'"

*Id*., quoting *Ponder v. Culp*, 9th Dist. Summit No. 28184, 2017-Ohio-168, ¶ 11. Fraud in the inducement renders a settlement agreement voidable, although it requires "the releasor to tender back the consideration paid before attacking the agreement." *Berry v. Javitch, Block & Rathbone, L.L.P.*, 127 Ohio St.3d 480, 2010-Ohio-5772, ¶ 31.

{¶13} The trial court's judgment entry does not specifically mention the Besancons' fraud in the inducement claim. The entry only states that the Besancons want to litigate claims that arose before the settlement agreement and concludes that they may not. The fraud in the inducement claim, however, attacks the validity of the settlement agreement. Success on the claim would undo the bar to litigation. Accordingly, the existence of the settlement agreement cannot serve as the basis for dismissing the fraud in the inducement claim. We conclude that, in determining whether

Cedar Lane was entitled to dismissal of the fraud in the inducement claim, the trial court had to work through whether the Besancons failed to state a claim for relief.

**{¶14}** Regarding the Besancons' piercing the corporate veil claim, it did not allege any new causes of action, but merely alleged that Mr. Machamer should be held personally liable for Cedar Lane's breach of contract and fraud in the inducement. Accordingly, the trial court incorrectly determined that it was barred under the terms of the settlement agreement as well.

**{¶15}** Regarding the Besancons' unjust enrichment claim, the Besancons alleged that it was unjust for Cedar Lane to keep the insurance proceeds it received for the damage to the greenhouses instead of using the proceeds to make repairs. "To succeed on a claim for unjust enrichment, a plaintiff must show that (1) [the plaintiff] conferred a benefit upon the defendant; (2) the defendant knew of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." (Alterations in original) *Kopsky v. Murrubber Technologies, Inc.*, 9th Dist. Summit Nos. 29867, 29984, 2022-Ohio-511, ¶ 26, quoting *Hurlburt v. Klein*, 9th Dist. Lorain No. 20CA011607, 2021-Ohio-2167, ¶ 18. As with the Besancons' breach of contract claim, whether the settlement agreement bars their unjust enrichment claim depends on when it accrued. Viewing the allegations of the complaint in a light most favorable to the Besancons, that may not have been until the lease ended. Accordingly, we conclude that the trial court incorrectly determined that the unjust enrichment claim was prohibited under the settlement agreement. The Besancons' first assignment of error is sustained.

BESANCONS' ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT HELD APPELLEES ARE ENTITLED
TO ATTORNEYS' FEES PURSUANT TO THE SETTLEMENT AGREEMENT.

CEDAR LANE'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING THAT, ALTHOUGH CEDAR LANE FARMS, CORP. AND THOMAS MACHAMER WERE ENTITLED TO THEIR ATTORNEYS' FEES UNDER THE SETTLEMENT AGREEMENT, IT LOST JURISDICTION TO CONSIDER THAT CLAIM.

CEDAR LANE'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE EVIDENCE PRESENTED AT THE SEPTEMBER 1, 2022, HEARING ON CEDAR LANE FARMS, CORP.'S AND THOMAS MACHAMER'S MOTION FOR ATTORNEYS' FEES FAILED TO ESTABLISH FRIVOLOUS CONDUCT UNDER R.C. 2323.51 AS TO THE CLAIMS AGAINST CEDAR LANE FARMS, CORP.

CEDAR LANE'S ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE EVIDENCE PRESENTED AT THE SEPTEMBER 1, 2022, HEARING ON CEDAR LANE FARMS, CORP.'S AND THOMAS MACHAMER'S MOTION FOR ATTORNEYS' FEES FAILED TO ESTABLISH FRIVOLOUS CONDUCT UNDER R.C. 2323.51 AS TO THE CLAIMS AGAINST THOMAS MACHAMER.

{¶16} In their second assignment of error, the Besancons argue that the trial court incorrectly held that Cedar Lane is entitled to attorney fees under the settlement agreement. In its assignments of error, Cedar Lane argues that the trial court incorrectly determined that it did not have jurisdiction to consider Cedar Lane's claim for attorney fees under the settlement agreement and incorrectly concluded that Cedar Lane and Mr. Machamer did not establish that the Besancons engaged in frivolous conduct under Revised Code Section 2323.51.

{¶17} The trial court's judgment entry on the issue of attorney fees is brief. It determined, however, that the evidence presented at the hearing on attorney fees did not establish frivolous conduct. It also determined that it had lost jurisdiction to consider a claim for fees under the settlement agreement.

**{¶18}** Considering this Court's determination that the trial court incorrectly dismissed the Besancons' complaint, we conclude that the court's finding that Cedar Lane failed to establish frivolous conduct is supported by the record. Cedar Lane's second and third assignments of error are overruled.

**{¶19}** Because the trial court's dismissal of the action must be reversed, the court's conclusion about whether Cedar Lane is entitled to attorney fees and whether it has jurisdiction over such a claim must be vacated. The Besancons' second assignment of error and Cedar Lane's first assignment of error, therefore, are premature, and they are overruled on that basis.

III.

**{¶20}** The Besancons' first assignment of error is sustained. The Besancon's second assignment of error and all of Cedar Lane's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees/Cross-Appellants.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

TIMOTHY PETTORINI, Attorney at Law, for Appellants/Cross-Appellees.

SARA E. FANNING, Attorney at Law, for Appellants/Cross-Appellees.

J. DOUGLAS DRUSHAL and AMANDA E. WEBBER, Attorneys at Law, for Appellees/Cross-Appellants.